Dear Dr. Leonard:
Your request for the opinion of the Attorney General has been directed to me for consideration and response. You ask for an opinion on the validity of an action taken by the Louisiana State Board of Nursing ("the Board") placing a moratorium on the establishment of any new undergraduate programs of nursing in this State. Specifically, this action is directed toward any institution which does not already have a nursing program but desires to implement one. All institutions with nursing programs in existence at the time that the moratorium was implemented, March 28, 1985, may expand and/or restructure their programs despite the moratorium.
According to information supplied by you for purposes of writing this opinion, the moratorium on new nursing programs was instituted by the Board at the request of the State Board of Regents. In fact, the State Board of Regents had already implemented its own policy, in January of 1985, which provided that no additional undergraduate programs in nursing were to be established at public institutions in this State. The State Board of Regents urged the Board to extend this policy to private institutions, thereby making the moratorium applicable to both public and private sectors.
LSA-R.S. 17:3125 grants the Board of Regents the power to revise or eliminate an existing degree program, department of instruction, division, or similar subdivision of any public institution of higher education. Thus, the Board of Regents has the authority to declare a moratorium on any new nursing programs within public institutions of this State.
The question presented to this office then is whether the Board has the power to adopt a policy/rule which institutes a moratorium on the development of new nursing programs as to nonpublic institutions. We think not.
LSA-R.S. 37:918 sets forth the duties of the Louisiana State Board of Nursing, it provides in pertinent part:
The Board shall:
 A. Establish and publish minimum curriculum requirements and standards for persons seeking to be licensed under this Part.
 B. Approve schools which meet the licensing requirements of the board.
 C. Provide for hearings for nurse educational programs when approval is denied or withdrawn.
* * *
 N. Have all other powers necessary and proper to the performance of their duties.
The Board's duties, as set forth above, include the mandatory duty to approve schools which meet the licensing requirements of the Board. Clearly, according to this statutory provision, the Board has the authority to approve schools with nursing programs operating in this State, but this does not include the power to completely preclude all institutions from applying for licensing approval.
Further, the power to declare a moratorium on all new nursing programs is not necessary and proper to the performance of the Board's duty to approve schools which meet the licensing requirements. Therefore, it is the opinion of this office that it is not within the Board's power to declare a moratorium on the creation of any new nursing programs.
One of the reasons cited by the Board for its implementation of the moratorium is that additional nursing programs would cause severe problems in scheduling required internship course work for nursing students within the currently available clinical facilities. This being the case, the Board has in place regulations requiring that clinical facilities be made available to fit the needs of any new nursing program before that program may be licensed. It is therefore, clearly within the Board's power to deny a license to an institution with a new nursing program if that institution does not meet the requirements of the Board's regulations as to the selection and use of clinical facilities. See Louisiana Administrative Code 46 XLVII, Sections 3519 and 3529.
I hope that this sufficiently answers your concerns. If you require any further information, please do not hesitate to call on this office again.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 0691l